IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

IN RE: ZIMMER NEXGEN KNEE
IMPLANT PRODUCTS LIABILITY
LITIGATION

MDL No. 2272

**APPROVED FORM OF
SHORT FORM COMPLAINT**

This applies to:

ROBERT BERTRAM

**JURY TRIAL DEMAND**

        Plaintiff,

  vs.

Zimmer, Inc., Zimmer Holdings, Inc.,
~~Zimmer Orthopaedic Surgical Products, Inc.~~

        Defendants.

---

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

    Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff, Robert Bertram, states and brings this civil action before the Court for the United States District Court for the Eastern District of Wisconsin as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff Robert Bertram is a resident and citizen of Wisconsin and claims damages as set forth below.

5. Plaintiff was born on July 27, 1959.

6. ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other] _____ of the [Estate of] _____.~~ *[Cross out if Not Applicable]* ~~A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent~~.

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

7. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on his left knee on or about December 12, 2006 at Community Memorial Hospital, by Dr. Paul Miller.

8. ~~On or about~~_____, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

> _____ Zimmer NexGen LPS-Flex
>
> __X__ Zimmer NexGen CR-Flex
>
> _____ Zimmer NexGen GSF LPS-Flex
>
> _____ Zimmer NexGen GSF CR-Flex
>
> _____ Zimmer NexGen MIS Tibia

9. Plaintiff has not yet scheduled a revision surgery with respect to the defective Zimmer NexGen® Knee device(s).

10. Plaintiff has suffered injuries as a result of implantation ~~and revision/explantation~~ of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

11. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at <u>10315 W. Courtland Avenue, Wauwatosa, Wisconsin 53225</u>.

12. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

13. Plaintiff claims damages as a result of:

> _X_ injury to herself/himself

     ___ injury to the person represented

     ___ wrongful death

     ___ survivorship action

     _X_ economic loss

     ___ loss of services

     ___ loss of consortium

  14. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

  15. As a result of the injuries Plaintiff sustained, he/she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

  16. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog number <u>00-5956-017-02</u> and lot number <u>60591976</u>. ~~If unknown, [check] __X____ to be provided at or before service of Plaintiff's fact sheet~~.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

  17. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

  _____  COUNT I (a) ZIMMER LPS-FLEX;

  __X_____  COUNT I (b) ZIMMER CR-FLEX;

  _____  COUNT I (c) ZIMMER GSF LPS-FLEX;

_____        COUNT I (d) ZIMMER GSF CR-FLEX;

_____        COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

_____        COUNT II (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_        COUNT II (b) ZIMMER CR-FLEX;

_____        COUNT II (c) ZIMMER GSF LPS-FLEX;

_____        COUNT II (d) ZIMMER GSF CR-FLEX;

_____        COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

_____        COUNT III (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_        COUNT III (b) ZIMMER CR-FLEX;

_____        COUNT III (c) ZIMMER GSF LPS-FLEX;

_____        COUNT III (d) ZIMMER GSF CR-FLEX;

_____        COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV -NEGLIGENCE**

_____        COUNT IV (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_        COUNT IV (b) ZIMMER CR-FLEX;

_____        COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____        COUNT IV (d) ZIMMER GSF CR-FLEX;

_____        COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V – NEGLIGENT MISREPRESENTATION**

_____        COUNT V (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_\_        COUNT V (b) ZIMMER CR-FLEX;

_____        COUNT V (c) ZIMMER GSF LPS-FLEX;

_____        COUNT V (d) ZIMMER GSF CR-FLEX;

_____        COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – EXPRESS WARRANTY**

_____        COUNT VI (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_\_        COUNT VI (b) ZIMMER CR-FLEX;

_____        COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VI (d) ZIMMER GSF CR-FLEX;

_____        COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – BREACH OF EXPRESS WARRANTY**

_____        COUNT VI (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_\_        COUNT VI (b) ZIMMER CR-FLEX;

_____        COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VI (d) ZIMMER GSF CR-FLEX;

_____        COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VII – BREACH OF IMPLIED WARRANTY**

_____        COUNT VII (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_\_        COUNT VII (b) ZIMMER CR-FLEX;

_____        COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VII (d) ZIMMER GSF CR-FLEX;

_____        COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – REDHIBITION**

_____        COUNT VIII (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_        COUNT VIII (b) ZIMMER CR-FLEX;

_____        COUNT VIII (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VIII (d) ZIMMER GSF CR-FLEX;

_____        COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

_____        COUNT IX – LOSS OF CONSORTIUM

_____        COUNT X – WRONGFUL DEATH

_____        COUNT XI - SURVIVAL ACTION

_____        COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

            [State] _____ and applicable statute: _____

_____        COUNT XIII – UNJUST ENRICHMENT

\_\_X\_\_\_\_        COUNT XIV – PUNITIVE DAMAGES

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: _____
_____
_____
_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    For compensatory damages requested and according to proof;

2.    For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: February 5, 2014

Respectfully submitted,

**SANDERS VIENER GROSSMAN, LLP**

/s/: Randi Kassan
Randi Kassan, Esq.
100 Herricks Road
Mineola, NY 11501
Telephone: 516-741-5600
Facsimile: 516-741-0128
rkassan@thesandersfirm.com

*Attorneys for Plaintiff*